UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| INDIA BUTLER ET, AL. | * * | CIVIL ACTION |
| Plaintiffs | * * | NO. 18-10053 |
| VERSUS | * * | SECTION "M(5)" |
| MARLIN N. GUSMAN, ET, AL. | * * | MAGISTRATE: Michael North |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

**NOW INTO COURT**, through undersigned counsel, comes Correct Care Solutions, LLC ("Defendant"), and for its Answer, Affirmative Defenses, and Demand for Jury Trial sets forth the following in response to Plaintiffs' Complaint and First Amended Complaint:

### I. BACKGROUND

1. The allegations of paragraph 1 of the Complaint are denied.

2. The allegations of paragraph 2 of the Complaint are denied.

3. The allegations of paragraph 3 of the Complaint are denied.

### II. JURISDICTION

4. Defendant does not contest jurisdiction in the Eastern District.

### III. PARTIES

5. The allegations of paragraph 5 of the Complaint are admitted only as to the status of CCS. All remaining allegations of paragraph 5 are not directed toward this Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied. Defendant expressly demands proof of Plaintiff's capacity to pursue the matter as the mother of the alleged surviving children.

### IV. FACTS

6. The allegations of paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7. The allegations of paragraph 7 of the Complaint are denied.

8. The allegations of paragraph 8 of the Complaint are denied.

9. The allegations of paragraph 9 of the Complaint are denied.

10. The allegations of paragraph 10 of the Complaint are denied.

11. The allegations of paragraph 11 of the Complaint are denied.

12. The allegations of paragraph 12 of the Complaint are denied.

13. The allegations of paragraph 13 of the Complaint are denied.

14. The allegations of paragraph 14 of the Complaint are denied except to admit that the CCS employees provided care to the inmate.

15. Defendant admits Mr. Mealey received medication in response to paragraph 15 of the Complaint.

16. The allegations of paragraph 16 of the Complaint are denied.

17. The allegations of paragraph 17 of the Complaint are denied, except to admit that the CCS employees provided care to the inmate.

18. The allegations of paragraph 18 of the Complaint are denied.

19. The allegations of paragraph 19 of the Complaint are denied.

20. The allegations of paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21. The allegations of paragraph 21 of the Complaint are denied.

22. The allegations of paragraph 22 of the Complaint are denied.

23. Defendant admits Mealey passed away. The remaining allegations of paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24. The allegations of paragraph 24 of the Complaint are denied.

25. The allegations of paragraph 25 of the Complaint are denied.

26. The allegations of paragraph 26 of the Complaint are denied.

27. The allegations of paragraph 27 of the Complaint are denied.

28. The allegations of paragraph 28 of the Complaint are denied.

29. The allegations of paragraph 29 of the Complaint are denied.

30. The allegations of paragraph 30 of the Complaint are denied.

31. The allegations of paragraph 31 of the Complaint are denied.

32. The allegations of paragraph 32 of the Complaint are not directed toward this Defendant and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 32 of the Complaint are denied.

33. The allegations of paragraph 33 of the Complaint are not directed toward this Defendant and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 33 of the Complaint are denied.

34. The allegations of paragraph 34 of the Complaint are not directed toward this Defendant and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 34 of the Complaint are denied

35. The allegations of paragraph 35 of the Complaint are denied.

36. The allegations of paragraph 36 of the Complaint are denied.

37. The allegations of paragraph 37 of the Complaint are denied.

38. The allegations of paragraph 38 of the Complaint are not directed toward this Defendant and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 38 of the Complaint are denied

39. The allegations of paragraph 39 of the Complaint are denied.

40. The allegations of paragraph 40 of the Complaint are not directed toward this Defendant and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 40 of the Complaint are denied

41. The allegations of paragraph 41 of the Complaint are denied.

42. The allegations of paragraph 42 of the Complaint are not directed toward this Defendant and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 42 of the Complaint are denied

43. The allegations of paragraph 43 of the Complaint are denied.

44. The allegations of paragraph 44 of the Complaint are denied.

45. The allegations of paragraph 45 of the Complaint are denied.

46. The allegations of paragraph 46 of the Complaint are denied.

47. The allegations of paragraph 47 of the Complaint are denied for lack of sufficient information to justify a belief therein. Defendant demands strict proof of Plaintiff's capacity to proceed and the inmate's alleged relation to the children.

48. The allegations of paragraph 48 of the Complaint are not directed toward this Defendant and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 48 of the Complaint are denied. Defendant demands strict proof of Plaintiff's capacity to proceed.

49. The allegations of paragraph 49 of the Complaint require no response of this Defendant. To the extent a response is required, the allegations of paragraph 49 of the Complaint are denied.

50. The allegations of paragraph 50 of the Complaint require no response of this Defendant. To the extent a response is required, the allegations are denied.

## V. FIRST CAUSE OF ACTION

51. The allegations of paragraph 51 of the Complaint do not appear to require a response. To the extent a response is required, the allegations are denied.

52. The allegations of paragraph 52 of the Complaint are denied.

53. The allegations of paragraph 53 of the Complaint are denied.

54. The allegations of paragraph 54 of the Complaint are denied.

55. The allegations of paragraph 55 of the Complaint are denied.

56. The allegations of paragraph 56 of the Complaint are denied.

57. The allegations of paragraph 57 of the Complaint are denied.

## VI. SECOND CAUSE OF ACTION

58. The allegations of paragraph 58 of the Complaint do not appear to require a response. To the extent a response is required, the allegations are denied.

59. The allegations of paragraph 59 of the Complaint are denied.

60. The allegations of paragraph 60 of the Complaint are denied.

61. The allegations of paragraph 61 of the Complaint are denied.

62. The allegations of paragraph 62 of the Complaint are denied.

## VII. THIRD CAUSE OF ACTION

63. The allegations of paragraph 63 of the Complaint do not appear to require a response. To the extent a response is required, the allegations are denied.

64. Defendant does not contest jurisdiction in the Eastern District at this time.

65. The allegations of paragraph 65 of the Complaint are denied.

66. The allegations of paragraph 66 of the Complaint are denied.

67. The allegations of paragraph 67 of the Complaint are denied.

68. The allegations of paragraph 68 of the Complaint are denied.

69. The allegations of paragraph 69 of the Complaint are denied.

## VIII. DAMAGES

70. The allegations of paragraph 70 of the Complaint are denied.

## IX. PRAYER FOR RELIEF

71. The allegations of Plaintiffs' prayer for relief are denied.

**FIRST AMENDED COMPLAINT**

**I. BACKGROUND**

72. The allegations of paragraph 1 of the First Amended Complaint are denied.

73. The allegations of paragraph 2 of the First Amended Complaint are denied.

74. The allegations of paragraph 3 of the First Amended Complaint are denied.

**II.   JURISDICTION**

75. Defendant does not contest jurisdiction in the Eastern District.

**III.   PARTIES**

76. The allegations of paragraph 5 of the First Amended Complaint are admitted only as to the status of CCS. All remaining allegations of paragraph 5 are not directed toward this Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied. Defendant expressly demands proof of Plaintiff's capacity to pursue the matter as the mother of the alleged surviving children.

**IV.   FACTS**

77. The allegations of paragraph 6 of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

78. The allegations of paragraph 7 of the First Amended Complaint are denied.

79. The allegations of paragraph 8 of the First Amended Complaint are denied.

80. The allegations of paragraph 9 of the First Amended Complaint are denied.

81. The allegations of paragraph 10 of the First Amended Complaint are denied.

82. The allegations of paragraph 11 of the First Amended Complaint are denied.

83. The allegations of paragraph 12 of the First Amended Complaint are denied.

84. The allegations of paragraph 13 of the First Amended Complaint are denied.

85. The allegations of paragraph 14 of the First Amended Complaint are denied except to admit that the CCS employees provided care to the inmate.

86. Defendant admits Mr. Mealey received medication in response to paragraph 15 of the First Amended Complaint.

87. The allegations of paragraph 16 of the First Amended Complaint are denied.

88. The allegations of paragraph 17 of the First Amended Complaint are denied, except to admit that the CCS employees provided care to the inmate.

89. The allegations of paragraph 18 of the First Amended Complaint are denied.

90. The allegations of paragraph 19 of the First Amended Complaint are denied.

91. The allegations of paragraph 20 of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

92. The allegations of paragraph 21 of the First Amended Complaint are denied.

93. The allegations of paragraph 22 of the First Amended Complaint are denied.

94. Defendant admits Mealey passed away. The remaining allegations of paragraph 23 of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

95. The allegations of paragraph 24 of the First Amended Complaint are denied.

96. The allegations of paragraph 25 of the First Amended Complaint are denied.

97. The allegations of paragraph 26 of the First Amended Complaint are denied.

98. The allegations of paragraph 27 of the First Amended Complaint are denied.

99. The allegations of paragraph 28 of the First Amended Complaint are denied.

100. The allegations of paragraph 29 of the First Amended Complaint are denied.

101. The allegations of paragraph 30 of the First Amended Complaint are denied.

102. The allegations of paragraph 31 of the First Amended Complaint are denied

103. The allegations of paragraph 32 of the First Amended Complaint are not directed toward this Defendant and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 32 of the First Amended Complaint are denied.

104. The allegations of paragraph 33 of the First Amended Complaint are not directed toward this Defendant and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 33 of the First Amended Complaint are denied.

105. The allegations of paragraph 34 of the First Amended Complaint are not directed toward this Defendant and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 34 of the First Amended Complaint are denied

106. The allegations of paragraph 35 of the First Amended Complaint are denied.

107. The allegations of paragraph 36 of the First Amended Complaint are denied.

108. The allegations of paragraph 37 of the First Amended Complaint are denied.

109. The allegations of paragraph 38 of the First Amended Complaint are not directed toward this Defendant and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 38 of the First Amended Complaint are denied

110. The allegations of paragraph 39 of the First Amended Complaint are denied.

111. The allegations of paragraph 40 of the First Amended Complaint are not directed toward this Defendant and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 40 of the First Amended Complaint are denied

112. The allegations of paragraph 41 of the First Amended Complaint are denied.

113. The allegations of paragraph 42 of the First Amended Complaint are not directed toward this Defendant and, therefore, no response is required.  To the extent a response is required, the allegations of paragraph 42 of the First Amended Complaint are denied

114. The allegations of paragraph 43 of the First Amended Complaint are denied.

115. The allegations of paragraph 44 of the First Amended Complaint are denied.

116. The allegations of paragraph 45 of the First Amended Complaint are denied.

117. The allegations of paragraph 46 of the First Amended Complaint are denied.

118. The allegations of paragraph 47 of the First Amended Complaint are denied for lack of sufficient information to justify a belief therein. Defendant demands strict proof of Plaintiff's capacity to proceed and the inmate's alleged relation to the children.

119. The allegations of paragraph 48 of the First Amended Complaint are not directed toward this Defendant and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 48 of the First Amended Complaint are denied. Defendant demands strict proof of Plaintiff's capacity to proceed.

120. The allegations of paragraph 49 of the First Amended Complaint require no response of this Defendant. To the extent a response is required, the allegations of paragraph 49 of the First Amended Complaint are denied.

121. The allegations of paragraph 50 of the First Amended Complaint require no response to this Defendant. To the extent a response is required, the allegations are denied.

## V. **FIRST CAUSE OF ACTION**

122. The allegations of paragraph 51 of the First Amended Complaint do not appear to require a response. To the extent a response is required, the allegations are denied.

123. The allegations of paragraph 52 of the First Amended Complaint are denied.

124. The allegations of paragraph 53 of the First Amended Complaint are denied.

125. The allegations of paragraph 54 of the First Amended Complaint are denied.

126. The allegations of paragraph 55 of the First Amended Complaint are denied.

127. The allegations of paragraph 56 of the First Amended Complaint are denied.

128. The allegations of paragraph 57 of the First Amended Complaint are denied.

## VI. SECOND CAUSE OF ACTION

129. The allegations of paragraph 58 of the First Amended Complaint do not appear to require a response. To the extent a response is required, the allegations are denied.

130. The allegations of paragraph 59 of the First Amended Complaint are denied.

131. The allegations of paragraph 60 of the First Amended Complaint are denied.

132. The allegations of paragraph 61 of the First Amended Complaint are denied.

133. The allegations of paragraph 62 of the First Amended Complaint are denied.

## VII. THIRD CAUSE OF ACTION

134. The allegations of paragraph 63 of the First Amended Complaint do not appear to require a response. To the extent a response is required, the allegations are denied.

135. Defendant does not contest jurisdiction in the Eastern District at this time.

136. The allegations of paragraph 65 of the First Amended Complaint are denied.

137. The allegations of paragraph 66 of the First Amended Complaint are denied.

138. The allegations of paragraph 67 of the First Amended Complaint are denied.

139. The allegations of paragraph 68 of the First Amended Complaint are denied.

140. The allegations of paragraph 69 of the First Amended Complaint are denied.

## VIII. DAMAGES

141. The allegations of paragraph 70 of the First Amended Complaint are denied.

## IX. PRAYER FOR RELIEF

142. The allegations of Plaintiffs' prayer for relief are denied.

**AFFIRMATIVE DEFENSES**

143. Plaintiff has failed to state a claim upon which relief can be granted.

144. Any damage alleged by Plaintiff was caused or contributed to by Plaintiff's and/or decedent's fault or want of due care and any recovery should be precluded.

145. Any damage alleged by Plaintiff was caused or contributed to by the fault, negligence or want of due care, breach of contract, express or implied, of other persons, businesses, entities or corporations for whom this Defendant are not legally responsible.

146. In the alternative, if it is found that damages complained of were caused or contributed to by the fault of this Defendant, which is specifically denied, Defendant plead the comparative fault of Plaintiff and/or decedent and/or other persons, businesses, entities, or corporations for whom this Defendant are not legally responsible, and this Defendant is entitled to have any reward or recovery due Plaintiffs mitigated or reduced accordingly.

147. Defendant pleads all benefits and immunities afforded to it pursuant to La. R.S. 9:2798.1 for their discretionary acts made within the course and scope of their duties.

148. Defendant pleads all benefits and immunities afforded to it pursuant to La. R.S. 13:5106, expressly including, but in no way limited to the statutory limitation of damages contained therein.

149. Defendant further pleads that if Plaintiff is entitled to any recovery, which this Defendant specifically denies, the costs and interest awarded will be fixed pursuant to La. R.S. 13:5112.

150. Defendant further pleads that no claim is available to Plaintiff for the alleged violation of Civil Rights of Plaintiff as all Policies, Procedures and Protocols put in place were appropriate.

151. Defendant further pleads all available defenses and protections of sovereign, absolute, and/or qualified immunity under Louisiana or Federal law.

152. Plaintiff has failed to mitigate any and all damages she claims are due and as a result any recovery shall be reduced or limited accordingly.

153. Plaintiff is not entitled to recover punitive damages or attorneys' fees.

154. Defendant has no involvement, interaction, or dealings with the OPSO in connection with the original consent judgment alleged by Plaintiff.

155. Defendant further pleads that it is entitled to all benefits of the Louisiana Medical Malpractice Act, La. R.S. 40:1231.1 et seq. by virtue of the qualified status of its employed providers.

156. Plaintiff lacks the standing or capacity to bring the instant lawsuit.

157. This Defendant demands a trial by jury.

158. WHERFORE, Defendant prays that its answer be deemed good and sufficient and that after due proceedings are had, there be judgment in its favor, dismissing all claims asserted by Plaintiff, with prejudice, at Plaintiff's cost and for any and all other just and equitable relief. Defendant demands a trial by jury.

Respectfully Submitted,

**FRILOT L.L.C.**

*/S/ Carl E. Hellmers, III*
CARL E. HELLMERS, III (25705)
D. BURKE STOUGH (#36688)
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone:  (504) 599-8035
Facsimile:  (504) 599-8156
**Attorneys for Defendant,
Correct Care Solutions**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of February 2019, I have filed a copy of the foregoing pleading with the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/S/ Carl E. Hellmers, III*